**Miriam WINTERS, Plaintiff-Appellant,**

v.

**Alan D. MILLER, M.D., Individually and as Commissioner of Mental Hygiene of the State of New York, et al., Defendants-Appellees.**

**No. 949, Docket 75–7121.**

United States Court of Appeals, Second Circuit.

Argued June 2, 1975.

Decided June 6, 1975.

See also 2 Cir., 495 F.2d 839.

Philip M. Gassel, New York City (Legal Services for the Elderly Poor, Jonathan A. Weiss, New York City, of counsel), and Bruce J. Ennis (New York Civ. Liberties Union, New York City), of counsel, for plaintiff-appellant.

Stanley L. Kantor, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for State defendants-appellees.

Ellen Kramer Sawyer, New York City (W. Bernard Richland, Corp. Counsel, L. Kevin Sheridan, New York City, of counsel), for defendants-appellees Thomas and Ollins.

Before KAUFMAN, Chief Judge, and SMITH and MESKILL, Circuit Judges.

PER CURIAM:

Miriam Winters appeals from the order of Judge Orrin G. Judd of the Eastern District of New York denying as to three defendants but granting as to others her motion under Fed.R.Civ.P. 60(b) [1] to reinstate her civil rights action, 42 U.S.C. § 1983, 28 U.S.C. § 1343, dismissed for her failure to appear for trial at the scheduled time. The dismissal followed an order of this court remanding the plaintiff's complaint for trial on the merits on an appeal from the district court's dismissal of the suit for failure to state a claim upon which relief may be granted. *Winters v. Miller*, 446 F.2d 65 (2d Cir. 1971). Since we conclude that under the latter decision Judge Judd was deprived of discretion to reinstate the action as to less than all the defendants if he chose to reinstate it as to any, we reverse his denial of relief as to three of the defendants and remand for trial of plaintiff's claims against them as well.[2]

This suit has its origins in appellant's involuntary confinement in May, 1968, for psychiatric care in New York City's Bellevue Hospital and Central Islip State Hospital. Despite her repeated insistence that, as a Christian Scientist, it violated her religion to take medication, the hospitals' staffs forced her to do so. She then initiated the instant damages action for violation of her First Amendment rights against the Commissioner of Mental Hygiene of the State of New York, Bellevue Hospital's Director of the Psychiatric Division, Central Islip State Hospital's Director, and various named and unnamed doctors on the staffs of the two hospitals. The case was dismissed by the district court, Anthony B. Travia, *Judge*, on defendants' motion for summary judgment. After this court's reversal of Judge Travia, the case was prior to trial transferred to Judge Judd. At a pretrial conference on June 5, 1974, Judge Judd set November 4, 1974, as the date for trial. In the interim, some difficulties arose in transcribing depositions in time for the scheduled trial date. Counsel for appellant, not having received to date a copy of his client's deposition transcript, telephoned Judge Judd's chambers on October 23, 1974, and informed the judge's law clerk of the problem. In telephone calls of October 29, October 31, and November 1, appellant's counsel told the clerk that the problem had still not been remedied and that he foresaw that the case could not proceed to trial without the depositions. According to an affidavit submitted by counsel to the court in support of the motion to reopen, this final conversation with Judge Judd's clerk left him with the firm impression that the trial would not begin as scheduled but rather would shortly be rescheduled to accommodate the practical difficulties delaying transcription of the depositions.[3] He conveyed his understanding to counsel for defendants from the state attorney general's office and the city corporation counsel's office. Along with counsel for the state, plaintiff's lawyer failed

---

1. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . . .

2. All claims against Dr. Thomas have been withdrawn.

3. Affidavit of Jonathan A. Weiss, Joint Appendix at 7A.

to appear in court at the scheduled time. Judge Judd dismissed the suit but, after hearing the latter's explanation later that day for his failure to appear, invited counsel to move to reopen. Counsel so moved and on December 13, 1974, Judge Judd ordered, with no explanation of his basis for distinguishing among the defendants, that the case be reinstated except as to three of the defendants.[4]

The court's order obviously represents an attempt to weed out three defendants against whom Ms. Winters' claim seemed insubstantial. The district court may have implicitly applied a theory of official immunity. Such a theory necessarily required, however, exploration in light of the facts developed at trial. For in 1971 this court plainly held that the suit should go to trial as to all the defendants and therefore left no room for the district court to distinguish among the defendants on the basis of the comparative merits of plaintiff's claims against them. With relation to the instant action, then, the defendants were similarly situated unless and until the proof at trial provided a basis for distinction or, as has not been claimed, supervening federal law created such a basis. See 1B J. Moore & T. Currier, *Moore's Federal Practice* ¶ 0.404[10] (2d ed. 1974). Assuming that Judge Judd would have acted within his discretion in refusing to reopen the action altogether—an issue which we need not decide—this court's order need not have been actually implemented. Judge Judd's reinstatement of the claim as to some but not all of the defendants did more than simply not implement our prior order: it rejected it. Having decided that justice required granting the requested 60(b) relief, the district court remained bound, under the law of the case, by this court's prior prescription to proceed to a trial on the merits as to all the defendants.

The order of the district court must therefore be reversed insofar as it failed to grant the requested relief as to three defendants. The court is directed to reinstate the action as to defendants Miller and Ollins and proceed to trial. Plaintiff has withdrawn her claims against Thomas, the third defendant against whom the 60(b) relief was denied; the latter is therefore not made subject to this order.

Reversed and remanded.

State of New York, Director of the Psychiatric Division of Bellevue Hospital, and a staff doctor at Bellevue Hospital.

---

4. These three defendants, Alan D. Miller, Alexander Thomas and Gerald Ollins are, respectively, Commissioner of Mental Hygiene of the